United States District Court
Southern District of Texas
**ENTERED**
April 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GEORGE L. CORTEZ, | § § § § | |
| Plaintiff, | | |
| V. | § § § § § § § § | CIVIL ACTION NO. 5:24-CV-13 |
| JESUS BALTAZAR SEGURA CAMPOS, *et al.*, | | |
| Defendants. | | |

## ORDER

Before the Court is the parties' Joint Stipulation of Dismissal without Prejudice. (Dkt. No. 11).

Parties in a civil suit may generally dismiss the suit without a court order upon the filing of a stipulation of dismissal "signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." *Id*. Here, the parties jointly stipulate that Plaintiff "will never seek to recover, and shall be barred from recovering, more than $75,000 in damages," and Defendants "have agreed to the consent to the remand of this case to [ ] state court." (Dkt. No. 11 at 2). The parties stipulate their desire to dismiss the lawsuit "without prejudice as to re-filing [the] same." (*Ibid.*). Because the stipulation is signed by counsel for all parties who have appeared in this case, all of Plaintiff's claims were dismissed without prejudice effective upon the filing of the Joint Stipulation of Dismissal, (Dkt. No. 11). *See Odle v. Flores*, 899 F.3d 344, 353–55 (5th Cir. 2017) ("[S]tipulated dismissals under Rule 41(a)(1)(A) . . . become effective immediately without further court order.").

The Clerk of Court is hereby **DIRECTED** to terminate this case.

It is so **ORDERED**.

**SIGNED** on April 18, 2024.

                                                                                       _____
                                                                                       John A. Kazen
                                                                                       United States District Judge